## HARRY S. STORMS, PLAINTIFF, v. PHEBE J. CORWIN, DEFENDANT.

Decided November 4, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the rule, *Elmer King.*

*Contra, William H. Parry.*

PER CURIAM.

The plaintiff, when he was a boy about fourteen years of age, was taken by the defendant and her husband from a children's home in Jersey City to the defendant's farm at Kenvil, New Jersey. He did work around the house and upon the farm during his minority, and after reaching his majority, which was in the year 1906, he continued to live at the defendant's home and to perform work in the house and on the farm until the month of April in the year 1926. This he did upon the strength of a promise made by defendant to him that she would provide for him as long as he lived, would furnish him with a home and compensate him otherwise for his services. She did pay him certain sums of money at different periods between the years 1906 and 1926, totaling something like $100 a year. In April of the latter year the

defendant and her husband having had a falling out, she ordered both him and also the plaintiff to leave the farm. In compliance with this notification the plaintiff left, and as she refused to pay him a reasonable compensation for his services from the time he reached his majority until the time he was ordered to leave the farm, he brought the present suit. The trial resulted in a verdict in his favor and we are now asked to set that verdict aside for three different reasons.

The first ground urged by the defendant for making the present rule absolute is that even if it be assumed that the promise alleged by the plaintiff was in fact made and was broken subsequently by the defendant when she ordered him off the farm, there is nevertheless no legal justification for the present verdict, which is founded upon a *quantum meruit* and not based upon the breach of an express contract; and the basis of this contention is that the right to recover, if it exists, is for the breach of the contract and that an action for such breach cannot be instituted until the time for the performance of the contract has entirely passed. In our opinion there is nothing of merit in this contention. The expulsion of the plaintiff from the defendant's home and farm was a renunciation by her of her contract with him and it is entirely settled by our decisions that a person may bring an action to recover compensation for services rendered where the other party to the contract has renounced it and has communicated this renunciation to the plaintiff, although the day for the performance of the contract has not arrived. *O'Neill* v. *Supreme Council American Legion of Honor,* 70 *N. J. L.* 410; *Holt* v. *United Security, &c., Co.,* 74 *Id.* 795.

The next ground upon which we are asked to set the verdict aside is based upon the assertion that it includes the value of services rendered by the plaintiff to the defendant's husband. We find nothing in the case to justify this assertion. On the contrary, the charge of the court limited the compensation of the plaintiff to services rendered to the defendant and excluded any right to compensation from her for work done by the plaintiff for her husband.

It is further contended that the verdict is erroneous for the reason that the plaintiff was not discharged from the defendant's service. The fact, however, is otherwise. The proofs show that a written notice was served upon the plaintiff on the 17th of April, 1926, by the direction of the defendant, which contained the following provisions: "You are hereby required to remove from the premises (*i. e.,* the farm), on or before the 22d of April, 1926; and on your failure to do so such proceedings will be taken against you as I may be advised."

We conclude that the grounds upon which we are asked to set aside this verdict are without merit and that the rule to show cause should be discharged.